IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WADE ROBINSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-13-1469 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Wade Robinson, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 21).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Petitioner was found guilty of a disciplinary charge for creating a disturbance and refusing and/or failing to obey an order, and punished with loss of commissary privileges, cell restrictions, reduction in line class, and loss of thirty days good time credit. His administrative appeals were denied.

Petitioner challenges the disciplinary conviction under the following grounds:

1. He is actually innocent.

2. The charging officer lied.

3. The conviction violates administrative rules.

4. He was charged in retaliation for a prior incident.

Respondent argues that these grounds are unexhausted, procedurally barred, and without merit.

## II. ANALYSIS

A. <u>Failure to Exhaust</u>

Prisoners challenging prison disciplinary convictions must exhaust their claims through the prison administrative grievance process. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). The Texas Department of Criminal Justice – Correctional Institutions Division utilizes a two-step grievance procedure, and a prisoner must present his claims in both steps before they are exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). A prisoner must also present his claims in a procedurally correct manner according to the rules and regulations promulgated by the administrative body. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Relief may be denied, but not granted, on the merits of unexhausted claims. 28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir. 1999).

Respondent argues, and the record shows, that petitioner failed to exhaust his administrative grievances as to his actual innocence and retaliation claims. Petitioner did not

raise his retaliation claim in either of his administrative grievances appealing the conviction, and raised his actual innocence claim in the first administrative grievance but not in the second. Accordingly, these two claims are unexhausted and procedurally defaulted at this juncture. Petitioner neither establishes, nor attempts to establish, good cause for his procedural default, and these two claims will not be considered by the Court. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Even assuming exhaustion, petitioner presents no probative summary judgment evidence of "actual innocence." His conclusory assertions of innocence are insufficient to raise a genuine issue of material fact precluding the granting of summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990) (holding that conclusory allegations of a constitutional issue are not probative and are subject to summary dismissal). Nor does petitioner present probative summary judgment evidence in support of his claim for retaliation. Petitioner does not carry his burden of establishing that, but for the charging officer's alleged retaliatory motive, he would not have received the disciplinary case or been convicted of the charge. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

B. <u>No Due Process Concerns</u>

A petitioner's habeas challenge to a disciplinary hearing and conviction is not actionable in federal court if the outcome of the administrative proceeding does not adversely

affect his release date. *See Sandin v. Conner*, 515 U.S. 472, 477–78 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests that are protected by due process. *Id.* However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 484.

Two of the disciplinary conviction punishments imposed on petitioner – loss of commissary privileges and cell restrictions – involve the temporary loss of prison privileges that did not impose an "atypical and significant hardship" on petitioner. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison*, 104 F.3d at 768. Moreover, prisoners have no protected liberty interest in prison custodial classifications or in good time earning status, and petitioner's line class reduction raises no due process concerns. *Malchi*, 211 F.3d at 959.

C. <u>Loss of Good Time Credit</u>

In Texas, only disciplinary conviction sanctions that result in the loss of good time credit for inmates who are eligible for mandatory supervised release, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest. *Malchi*, 211 F.3d at 957–58; *see also Luken*, 71 F.3d at 193. Respondent acknowledges that petitioner is eligible for mandatory supervised release. Accordingly,

petitioner's loss of good time credit is subject to a due process review in this federal habeas action. *See Houser v. Dretke*, 395 F.3d 560 (5th Cir. 2004).

Prison disciplinary proceedings do not form part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff*, the Supreme Court held that due process is satisfied in prison disciplinary hearings when the inmate receives a finding from an impartial decision maker, and is afforded (1) at least twenty-four hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Id.* at 564–70.

The record shows that petitioner received these due process protections. He was provided written notice of the disciplinary hearing on May 15, 2012, and the hearing was subsequently held on May 22, 2012. Disciplinary Hearing Record at 1. Petitioner was informed of his right to call and question witnesses and to present documentary evidence. *Id.* at 8–13. At the hearing, petitioner presented statements of three witnesses, which were reviewed by the disciplinary hearing officer. *Id.* at 9–14. Petitioner received a written report of the disciplinary hearing, which stated the evidence relied upon by the hearing officer and the reason for the disciplinary action that was taken. *Id.* at 1. No denial of the due process protections afforded petitioner under *Wolff* appears in the record.

D.  Sufficiency of the Evidence

Petitioner complains that the evidence presented at the disciplinary hearing was insufficient to support the disciplinary conviction because the charging officer lied.

Disciplinary convictions will not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Even "anonymous and merely generalized accusations [can] form the sole basis for disciplinary action against a prison inmate." *Id.* The court's role on review is only to examine if the guilty finding has support of some facts or any evidence at all. *Hudson v. Johnson*, 242 F.3 534, 537 (5th Cir. 2001). Decisions from prison disciplinary proceedings will be overturned only "where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

A review of the administrative hearing records reveals evidence sufficient to meet the "some evidence" requirement of *Hudson* and *Broussard*. The disciplinary hearing officer based his finding of guilty on the offense report and testimony from the charging officer. Petitioner's conclusory allegation that the charging officer lied at the hearing is unsupported in the record and provides petitioner no basis for habeas relief.

E.  Administrative Procedures

Petitioner complains that his prison disciplinary conviction violates prison rules in that he was charged with two disciplinary offenses arising from the same incident. His argument is conclusory and not supported in the record, and warrants no habeas relief. *See Koch v.*

*Puckett*, 907 F.2d 524, 529 (5th Cir. 1990) (holding that conclusory allegations of a constitutional issue are not probative and are subject to summary dismissal). Moreover, the administrative record reflects that the charging officer's complaints were based on two separate events. Disciplinary Hearing Record, p. 9.

Respondent is entitled to summary judgment dismissal of petitioner's habeas claims.

### III.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 9th day of December, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE